UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                                    **Hon. Hugh B. Scott**

            v.

                                                                       06CR348S

MARVIN R. HARDY,

                                                                     **ORDER**

                     Defendant.

      This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 4). The instant matter before the Court is the defendant's omnibus motion (Docket No. 9) which seeks the following relief: discovery, disclosure of informant information, production of Brady material, disclosure of Federal Rules of Evidence 404(b), 608, and 609 materials, disclosure of witnesses' statements; preservation of rough notes, and other further relief.

      The Government has filed responding papers (Docket No. 10) and oral argument was scheduled for January 18, 2008, and the Court deemed the matter submitted as of January 28, 2008, unless the Court was notified that other submissions would be made (Docket No. 15). Defendant filed a demand for supplemental discovery (Docket No. 16), seeking any audio or video recording of defendant's statements and a transcript of those statements (id. ¶ 3). The

Government responded to this latest request (Docket No. 17). The motion was deemed submitted on January 28, 2008 (see Docket No. 15).

## BACKGROUND

Defendant was indicted in a single count Indictment for possessing with intent to distribute and distribution of 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Docket No. 1, Indictment).

## DISCUSSION

I.   Discovery

Defendant seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

The Government responds generally that discovery has been ongoing, voluntary, and continuing. As for potential Brady material, the Government acknowledges its duty to produce and indicated that it would provide impeachment Brady material (Docket No. 7, Gov't Response at 5, 7-8).

Pursuant to Rule 16(a)(1)(A) the defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which

through the exercise of due diligence, may become known to the Government (Docket No. 6, Def. Atty. Aff. ¶ 4(a)).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[1]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendant (Docket No. 7, Gov't Response at 4).  To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendant.

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government.  The Government's response is that it has agreed to produce such items for inspection (id.).

Pursuant to Rule 16(a)(1)(D), defendant has requested the production of the results of any physical or mental examinations or scientific tests (Docket No. 6, Def. Atty. Aff. ¶ 3(h)).  The Government has agreed to produce such examinations (Docket No. 7, Gov't Response at 4).

---

[1]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

The Court assumes that the Government's production has satisfied the defendant's request in this regard.

Next, pursuant to Rule 12(d)(2), defendant requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 6, Def. Atty. Aff. ¶¶ 5-8). Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use.

The Government responds, under Rule 12(b)(4) its intention to use all evidence provided in its case in chief (Docket No. 7, Gov't Response at 4). This response is sufficient notice.

II.     Disclosure of Informant Information

Next, defendant seeks disclosure of the names, addresses, and criminal records of informants used by the Government to investigate this case (Docket No. 9, Def. Atty. Affirm. ¶¶ 4-9). The Government responds that defendant is referring to a confidential informant to whom defendant sold crack cocaine on April 5, 2006 (Docket No. 10, Gov't Response at 4-5). The Government asserts its privilege against disclosing the identity and background of confidential informants (id. at 5), Roviaro v. United States, 353 U.S. 52, 59 (1957), and argues that the defendant has not overcome the heavy burden of showing that this disclosure is essential to the defense (id. at 6, quoting United States v. Flaherty, 295 F.3d 182, 202 (2d Cir. 2002)), see also United States v. Taylor, 707 F. Supp. 696, 793 (S.D.N.Y. 1989) (requiring particularization of need from defendant in drug-related offense for disclosure of confidential informant).

The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro, supra, 353 U.S. at 60-61; United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to

4

disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). The Court may order such disclosure but should do so only when "a specific showing that disclosure is both material to the preparation of the defense and reasonable in light of the surrounding circumstances," Bejasa, supra, 904 F.2d at 140.

In Bejasa, the court distinguished the situation where the undisclosed Government informant would be a surprise witness to the defense, that the defendant in that case knew of the Government witnesses and their addresses from previous encounters with them (but the Government refused to furnish their addresses and telephone numbers upon defense request), id. at 139-40. The defendant there failed to move to compel that disclosure and did not make a "specific showing," id. at 140 (emphasis in original deleted) that disclosure of more than their identities would be material to his defense, id. In Roviaro, the Court held that the informant was the sole witness that would amplify or contradict the government's witnesses as to defendant's conduct, 353 U.S. at 64, although Justice Clark in dissent noted that defendant knew the identity of the informant, id. at 66.

Here, defendant has not demonstrated particularized need, beyond that the confidential informant being a participant or witness to the alleged offense, to warrant identifying the informant. Defendant's motion on this ground is **denied**.

III.     Rules 404, 608 and 609 Evidence

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 6, Def. Atty. Aff. ¶¶ 9-21). He also requests disclosure of all evidence of prior bad acts that the

5

Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (id. ¶¶ 22-23).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government states that it will advise defendant of its intention to use other acts evidence pursuant to Rule 404(b) and its intention to offer Rule 608(b) evidence at the time ordered by the Court (Docket No. 7, Gov't Response at 8). The Government shall therefore notify defendant of its intentions in this regard pursuant to the schedule set forth in the District Court's pretrial Order.

III.     Disclosure of Jencks Material

The defendant seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 9, Def. Atty. Aff. ¶¶ 28-32), seeking disclosure prior to trial (id. ¶¶ 33-35). The Government anticipates producing Jencks Act material "reasonably in advance of the trial" (Docket No. 10, Gov't Response at 13), but denies a basis for early disclosure to defendant (id. at 13-14).

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial. In this case, the Government has agreed to disclose this information at the pretrial conference pursuant to the District Judge's direction. The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

IV.     Preservation of Evidence

Defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket 9, Def. Atty. Aff. No. ¶¶ 36-39).  The Government has agreed to preserve all items of evidence and sought it agents to preserve them (Docket No. 10, Gov't Response at 14).  This response also is sufficient.

V.      Audio and Video Recording of Defendant's Statements

Defendant next seeks audio or video recording of his statements, with transcription, as discoverable under Rule 16(a)(1)(A) and (B) (Docket No. 16, Def. Atty. Affirm. ¶¶ 2, 3).  The Government responded that supplemental discovery was not warranted and the audiotape sought by the defense is available and would be produced upon execution of a protective order (Docket No. 17, Gov't Response at 1, 2).  The Government will produce a transcript of that recording in accordance with the District Judge's usual practice and order (id. at 2).

The Government should release the audiotape pursuant to a protective order and furnish a transcription in accordance with the District Judge's pretrial Order.

## CONCLUSION

For the reasons stated above, defendant's omnibus motion (Docket No. 9; see Docket No. 16) is **granted in part, denied in part**, as indicated above.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:  Buffalo, New York
        March 10, 2008